UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON STEWART,

      Petitioner,

                                        CASE NO. 2:10-CV-12485
v.                                   JUDGE GEORGE CARAM STEEH
                                        MAGISTRATE JUDGE PAUL KOMIVES

CAROL HOWES,

      Respondent.
      _____/

**REPORT AND RECOMMENDATION ON PETITIONER'S HABEAS APPLICATION
(docket #1) and RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #7)**

I.      RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment (docket #8). If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.      REPORT:

A.      *Procedural Background*

Petitioner Damon Stewart is a state prisoner serving a combined sentence of 40-60 years' imprisonment imposed as a result of his 2004 state court convictions for two counts of second degree murder, two counts of mutilation of a dead body, and one count of possession of a firearm during the commission of a felony. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner pleaded guilty to the crimes of conviction in the Wayne County Circuit Court, pursuant to a plea agreement. In exchange for his plea, the parties agreed to a sentence of 40-60 years' imprisonment, and to dismissal of charges of first degree

      murder, possession of a firearm by a felon, and being a second habitual offender. On June 3, 2004, he was sentenced by the court.

- Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising, through counsel, a single claim that the trial court improperly departed from the sentencing guidelines. On January 26, 2006, the court of appeals denied petitioner's application in a standard order "for lack of merit in the grounds presented." *People v. Stewart*, No. 266562 (Mich. Ct. App. Jan. 26, 2006).

- Petitioner did not file an application for leave to appeal in the Michigan Supreme Court. *See* Aff. of Corbin R. Davis (docket #8-4).

- On October 21, 2006, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.00-.508, raising the same claim that he had raised on direct appeal. On June 18, 2007, the trial court denied the motion on the merits.

- Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The court of appeals denied petitioner's application in a standard order on December 19, 2007. *See People v. Stewart*, No. 280893 (Mich. Ct. App. Dec. 19, 2007).

- Petitioner filed a delayed application for leave to appeal that decision in the Michigan Supreme Court. The Supreme Court denied the application for leave to appeal on June 23, 2008. *See People v. Stewart*, 481 Mich. 913, 750 N.W.2d 192 (2008).

- On August 8, 2008, petitioner attempted to filed a second motion for relief from judgment. On October 27, 2008, the trial court returned the motion to petitioner as a successive motion pursuant to MICH. CT. R. 6.502(G).

- Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals. The court of appeals dismissed petitioner's appeal for lack of jurisdiction. *See People v. Stewart*, No. 291754 (Mich. Ct. App. May 20, 2009).

- Petitioner claims that he attempted to file an application for leave to appeal in the Michigan Supreme Court by submitting an application on July 9, 2009. On July 17, 2009, the Office of the Clerk sent petitioner a letter indicating that it had received on July 14, 2009, only the cover letter but not an actual application for leave to appeal. Because the time for appeal expired on July 15, 2009, it was too late for petitioner to file an appeal.

On June 17, 2010, petitioner filed this application for the writ of habeas corpus pursuant to

28 U.S.C. § 2254.[1] As grounds for the writ, petitioner claims that his sentence was improper and that he was denied the effective assistance of counsel in connection with his plea. Respondent filed a motion for summary judgment on December 22, 2010, arguing that petitioner's habeas application is untimely. On March 21, 2011, I entered an Order requiring petitioner to file any response to the motion no later than April 29, 2011. As of the date of this Order, no response has been filed. For the reasons that follow, the Court should grant respondent's motion for summary judgment.[2]

B.   *Analysis*

   1.   *Statutory Timeliness and Tolling*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

   (1) A 1-year period of limitation shall apply to an application for a writ of

---

[1] Although petitioner's application is file-stamped June 23, 2010, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is signed and dated June 17, 2010. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on June 17, 2010.

[2] At the time he filed his application, petitioner was incarcerated that the Lakeland Correctional Facility in Coldwater, Michigan. On August 19, 2010, petitioner filed a notice of change of address indicating that he had been transferred to the Brooks Correctional Facility in Muskegon Heights, Michigan, and petitioner's address on the Court's docket was changed accordingly. According to the Michigan Department of Corrections's Offender Tracking Information System (OTIS) website, petitioner is again incarcerated at the Lakeland Correctional Facility, although no new notice of change of address has been filed by petitioner. To ensure that plaintiff receives a copy of this Report, I have directed the Clerk to serve a copy by mail to petitioner at both the Brooks and Lakeland Correctional Facilities.

> habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[3]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run.  Although petitioner has not filed a response, the claims raised in the petition do not implicate any of the starting dates set forth in subparagraphs (B)-(D).  Thus, the default commencement date established by subparagraph (A) applies here.  Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v.*

---

[3]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6.  Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

4

*Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, petitioner's application for leave to appeal was denied by the Michigan Court of Appeals on January 26, 2006. He then had 56 days in which to seek leave to appeal in the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C). Because he did not file an application for leave to appeal, his conviction became final on March 23, 2006, when his time for seeking leave expired, *see Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002) (Rosen, J.),[4] and the limitations period expired one year later on March 23, 2007. Because petitioner did not file his petition until June 17, 2010, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly

---

[4] "Normally, the one-year statute of limitations does not begin to run until the 90-day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See* Rule 13(1), Supreme Court Rules. Here, however, Petitioner is not entitled to have the 90 days added to the calculation of the limitations period because his failure to file an application for leave to appeal with the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a writ of certiorari." *Gordon v. Davis*, No. 06-CV-11882, 2007 WL 4327779, at *3 n.2 (E.D. Mich. Dec. 7, 2007) (Edmunds, J.).

filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's motion for relief from judgment was filed in the trial court on October 31, 2006. By this time, 219 days had elapsed on the limitations clock. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). Thus, at the time the Michigan Supreme Court denied petitioner's application for leave to appeal on June 23, 2008, he had 146 days remaining in the limitations period.[5] Respondent contends that this remaining period elapsed on November 16, 2008, and that petitioner's attempt to file a second motion for relief from judgment does not toll the limitations period because it was a prohibited motion under MICH. CT. R. 6.502(G) and thus was never "properly filed" within the meaning of § 2244(d)(2). The Judges of the Michigan federal courts that have considered whether a second motion for relief from judgment rejected under Rule 6.502(G) is "properly filed" have reached conflicting decisions, but with little analysis of the issue. *Compare Smith v. Berghuis*, No. 07-14140, 2008 WL 2357696, at *2 (E.D. Mich. June 9, 2008) (Duggan, J.) (motion barred by Rule 6.502(G) is not "properly filed" and does not toll the limitations period), *Raines v. Berghuis*, No. 07-10605, 2008 WL 2157049, at *4 (E.D. Mich. May 22, 2008) (Rosen, J.) (same), *Smith v. Berghuis*, No. 1:07-CV-1179, 2008 WL 724166, at *6 (W.D. Mich. Mar.

---

[5]Unlike commencement of the limitations period under § 2244(d)(1)(A), which depends upon when the conviction becomes "final," tolling under § 2244(d)(2) applies only during the time that a state postconviction proceeding is pending. Because a petition for *certiorari* in the United States Supreme Court is not "an application for *State* post conviction . . . review" under § 2244(d)(2) (emphasis added), *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), petitioner is not entitled to tolling under § 2244(d)(2) for the 90-day period in which he could have sought *certiorari* in the Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007).

17, 2008) (same), *and Mardenli v. Berghuis*, No. 1:07-CV-1078, 2008 WL 696600, at *5 n.3 (W.D. Mich. Mar. 13, 2008) (same), *with Christini v. McKee*, No. 01-CV-74483, 2003 WL 21817823, at *3 (E.D. Mich. July 9, 2003) (reaching opposite conclusion), *and Brown v. Burt*, 224 F. Supp. 2d 1152, 1155-56 (E.D. Mich. 2002) (Tarnow, J.).

The Court need not resolve this issue here, nor resolve the effect of petitioner's unsuccessful attempt to appeal the rejection of his second motion to the Michigan Supreme Court, because petitioner's application is untimely even if he is given the benefit of tolling for the entire time between the filing of the second motion in the trial court and the Michigan Supreme Court's letter returning his appeal.[6] As noted above, at the conclusion of the proceedings on his first motion for

---

[6] If the Court concludes that it is necessary to resolve this issue, it should conclude that a review of the Supreme Court's decisions interpreting the "properly filed" language supports respondent's view. In *Artuz v. Bennett*, 531 U.S. 4 (2000), the Court explained that under § 2244(d)(2), "[a]n application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement in the official record. And an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable rules governing filings." *Id.* at 8 (emphasis in original) (citations omitted). The Court further explained that the rules governing filings "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* Specifically, the Court rejected the State's argument that a state postconviction application is not properly filed "unless it complies with all mandatory state-law procedural requirements that would bar review of the merits of the application," *id.*, explaining that "in common usage, the question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." *Id.* at 9 (emphasis in original). The question is whether the state rule "purports to set forth a condition to filing, as opposed to a condition to obtaining relief." *Id.* at 11. In *Pace v. Diguglielmo*, 544 U.S. 408 (2005), the Court applied this rule to a Pennsylvania rule which required state postconviction petitions to be filed within one year of the conviction becoming final, with three exceptions. The Court concluded that an untimely state postconviction motion is not "properly filed" under § 2244(d)(2) and thus does not toll the limitations period. The Court explained that "[i]n common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." *Id.* at 413. More explicitly, the Court stated that "[w]hen a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Distinguishing its prior decision in *Artuz*, the Court explained that "[f]or the purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type

relief from judgment on June 23, 2008, petitioner had 146 days remaining on the limitations clock. He filed his second motion for relief from judgment on August 8, 2008, 46 days later, leaving 100 days remaining on the limitations clock. Assuming that the entirety of the state court proceedings relating to the second motion tolled the limitations period, the clock started to run again on July 18, 2009, one day after the Michigan Supreme Court informed petitioner that his appeal was being returned. From that time until petitioner's filing of his habeas application on June 17, 2010, an additional 334 days elapsed, well beyond the 100 days he had remaining. Thus, the Court should

---

of 'rule of decision' procedural bars at issue in *Artuz*, which go to the ability to obtain relief." *Id.* at 417. The Court concluded that "it must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'" *Id.*

    The Michigan rule barring second or successive motions for relief from judgment is more akin to the state timeliness rule considered in *Pace* than the ordinary procedural bar rules considered in *Artuz*. The Michigan rule provides:

> (1) Except as provided in subrule (G)(2), regardless of whether a defendant has previously filed a motion for relief from judgment, after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction. The court shall return without filing any successive motions for relief from judgment. A defendant may not appeal the denial or rejection of a successive motion.
>
> (2) A defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. The clerk shall refer a successive motion that asserts that one of these exceptions is applicable to the judge to whom the case is assigned for a determination whether the motion is within one of the exceptions.

MICH. CT. R. 6.502(G). This rule does set forth "a condition to obtaining relief," *Artuz*, 531 U.S. at 11, as the procedural rules at issue in *Artuz*. The "condition to obtaining relief" procedural default rule regarding claims not raised in a prior motion for relief from judgment is set forth in Rule 6.508(D)(3). Rather, Rule 6.502(G) "purports to set forth a condition to filing." *Artuz*, 531 U.S. at 11. The rule, by its terms, simply prohibits the filing of a second motion for relief from judgment. Thus, like the timeliness rule considered in *Pace*, the rule "go[es] to the very initiation of a" second motion. *Pace*, 544 U.S. at 417. As the Court explained in *Pace*, "it must be the case that a [motion] that cannot even be initiated or considered . . . is not 'properly filed.'" *Id.* Because Rule 6.502(G) sets forth a condition to filing, rather than merely a procedural bar to relief, the Court should conclude that a second motion rejected under Rule 6.502(G) does not toll the limitations period. *See Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005) ("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2).").

conclude that petitioner's application is untimely, regardless of whether the limitations period is tolled for the time he was attempting to pursue his second motion for relief from judgment in the state court.

2. *Petitioner's Arguments*

Petitioner has not filed a response to respondent's motion, and thus has not directly raised any argument against the foregoing analysis. In his original application, petitioner does briefly assert that his habeas petition is timely "as he had One Year from the date of his direct appeal became final (July 14, 2009) and he is within the time period." Pet., at 7. As explained above, however, petitioner's direct appeal became final after the Michigan Court of Appeals denied his application for leave to appeal the plea and sentence; the proceedings after that point were collateral review, which only tolled but did not restart the limitations period under § 2244(d).

Petitioner also asserts, without elaboration, that "he is entitled to 'equitable tolling' were, as here, he has consistently pursued his federal constitutional deprivation of rights once he learned of the violation." Pet., at 7. This argument is without merit. To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Contrary to petitioner's argument, his purported diligence alone is insufficient to warrant equitable tolling. "Although a petitioner's diligence in pursuing a claim is a prerequisite for equitable tolling, it is not sufficient in and of itself." *Kiel v. Scott*, No. 98-6208, 1999 WL 76910, at *2 (10th Cir. Feb. 18, 1999). Rather, as noted above,

petitioner must also show that some extraordinary circumstance prevented him from timely filing his petition. *See Mathis v. Thaler*, 616 F.3d 461, 474-76 (5th Cir. 2010) (petitioner not entitled to equitable tolling even though he had acted diligently). Here, petitioner has failed to point to any extraordinary circumstance which prevented timely filing, and nothing in the record suggests that any such circumstances exist. Petitioner's *pro se* status or lack of knowledge of the law provide no basis for equitable tolling. The Courts have uniformly held that neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling. *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.). Nor is petitioner entitled to equitable tolling merely because he raises important constitutional claims. The very existence of a statute of limitations presupposes that meritorious claims will not be considered when they are not diligently pursued. *See Steele v. United States*, 599 F.2d 823, 828-29 (7th Cir. 1979). For this reason, "[t]he tolling exception is not an open-ended invitation to the courts to disregard limitation periods simply because they bar what may be an otherwise meritorious cause." *School Dist. of the City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981). Thus, neither the importance nor the merit of petitioner's constitutional claims provides a basis for equitably tolling the limitations period. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003) (en banc). Accordingly, the Court should conclude that petitioner is not entitled to equitable tolling of the limitations period.

C.     *Recommendation Regarding Certificate of Appealability*

     1.     *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides

that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

11

Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.   *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's ruling on the procedural question is reasonably debatable. Although there is disagreement among the federal district courts in Michigan, and thus reasonable jurists could debate, whether and to what extent petitioner's second motion for relief from judgment tolled the limitations period, this

reasonable grounds for debate is irrelevant here because, as explained above, petitioner's application is untimely even if he is given the benefit of the entire time in which his second motion for relief from judgment was before the Michigan courts. Petitioner raises no argument to show that this calculation of the limitations period is not correct. Further, as explained above petitioner has presented no basis upon which to conclude that extraordinary circumstances prevented him from timely filing his application, and thus it is not reasonably debatable that petitioner is not entitled to equitable tolling. Thus, the resolution of the limitations issue is not reasonably debatable, and the Court should conclude that petitioner is not entitled to a certificate of appealability.

D.     *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion for summary judgment and dismiss the petition. If the Court accepts this recommendation, the Court should also deny the certificate of appealability..

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                s/Paul J. Komives  
                                PAUL J. KOMIVES  
                                UNITED STATES MAGISTRATE JUDGE

Dated: 7/18/11

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on July 18, 2011.
>
>                                 s/Eddrey Butts  
>                                 Case Manager