UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON STEWART,

      Petitioner,                                  Case No. 10-12485
                                                          HON. GEORGE CARAM STEEH

vs.

CAROL HOWES,

      Respondent.

_____/

ORDER ACCEPTING AND ADOPTING
REPORT AND RECOMMENDATION [Dkt.#11], GRANTING RESPONDENT'S
MOTION TO DISMISS [#8], DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING CERTIFICATE OF APPEALABILITY

I.  INTRODUCTION

On July 18, 2011, Magistrate Judge Paul Komives filed a report and recommendation recommending that the court grant respondent's motion to dismiss, deny petitioner's petition for a writ of habeas corpus as untimely under the one year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) and deny a certificate of appealability.

On August 10, 2011, petitioner filed his objections to the magistrate judge's report and recommendation. Upon review of the parties' briefs, the report and recommendation, and petitioner's objections, the court concludes that the magistrate judge reached the correct conclusion for the proper reasons. Petitioner's petition for a writ of habeas corpus is denied and a certificate of appealability shall not issue in this matter.

II.  ANALYSIS

A.  Standard of Review

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate."  Id.

B.   Objection I

Petitioner objects to the magistrate judge's conclusion that his petition for a writ of habeas corpus is untimely under 28 U.S.C. § 2244(d).  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA), a one-year statute of limitations applies to all petitions filed under 28 U.S.C. § 2254 seeking the issuance of a writ of habeas corpus.  See 28 U.S.C. § 2244(d)(1).  The statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A)(emphasis added).[1]  Petitioner's objection rests on the faulty premise that the conclusion of his state post-conviction proceedings on June 23, 2006 began the statute of limitations clock.  Such an argument is without merit and his objection is overruled.

On November 15, 2005, petitioner filed an application for leave to appeal in the

---

[1] There are other starting dates set forth in § 2244(d)(1), however none are relevant here.  See 28 U.S.C. § 2244(d)(1)(B)-(D).

Michigan Court of Appeals raising, through counsel, a claim of trial court error in fashioning petitioner's sentence.  The Michigan Court of Appeals denied petitioner's application for leave to appeal on January 26, 2006.  See People v. Stewart, No. 266562 (Mich. Ct. App. Jan. 26, 2006).  Petitioner did not file an application for leave to appeal in the Michigan Supreme Court.  Therefore, petitioner's conviction became final on March 23, 2006, or fifty-six (56) days from January 26, 2006 when petitioner's time to appeal in the Michigan Supreme Court expired, and the limitations period expired one year later on March 23, 2007.  See Mich. Ct. R. 7.302(C)(2).  See Gordon v. Davis, No. 06-cv-11882, 2007 U.S. Dist. LEXIS 90081, *7-8 (E.D. Mich. Dec. 7, 2007) (citing Brown v. McKee, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002)).

Under § 2244(d)(2), the period of limitation is tolled during the time that a properly filed post-conviction motion is pending in state court.  28 U.S.C. § 2244(d)(2).  "[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . shall not be counted toward any period of limitations under this subsection."  Walker v. Smith, 360 F. 3d 561, 563 (6th Cir.  2004) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner initiated state collateral proceedings on October 21, 2006 when he filed a motion for relief from judgment.  Thereafter, he filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied on December 19, 2007. He then filed a delayed application for leave to appeal in the Michigan Supreme Court, which was denied on June 23, 2008.  He attempted to file a second motion for relief from judgment on August 8, 2008, however the trial court returned his motion on October 27, 2008, concluding that it was a successive petition barred under Michigan Court Rule

6.502(G). He filed a delayed application for leave to appeal in the Michigan Court of Appeals, and the court dismissed his appeal for lack of jurisdiction. See People v. Stewart, No. 291754 (Mich. Ct. App. May 20, 2009). On July 17, 2009, petitioner was informed by the clerk of the Michigan Supreme Court that only a cover letter was received and not an actual application for leave to appeal, and in any event, the time for filing an appeal had expired, therefore it was too late for petitioner to file an appeal in the Michigan Supreme Court. Petitioner filed the present 28 U.S.C. § 2254 petition on June 17, 2010.

When petitioner filed his first motion for relief from judgment in the trial court on October 31, 2006, two hundred and nineteen (219) days had already passed on the AEDPA clock because the clock began running on March 23, 2006. Thus, on June 23, 2006, when the Michigan Supreme Court denied petitioner's application for leave to appeal, he had only one hundred and forty-six (146) days remaining to file his § 2254 petition. Petitioner filed his second motion for relief from judgment forty-six (46) days later,[2] leaving only one hundred (100) days to file his habeas corpus petition. The Michigan Supreme Court returned petitioner's appeal on July 17, 2009, and he did not file the present action for habeas corpus relief until June 17, 2010, or three hundred and thirty four days (334) later.

Petitioner argues that the conclusion of the first round of state post-conviction proceedings is the controlling date for purposes of when the AEDPA clock began to run.

---

[2] The court declines to resolve the issue presented by respondent that petitioner's second motion for relief from judgment was not "properly filed" because it is prohibited under Michigan law, therefore it cannot serve to toll the limitations period. The court concludes that even if petitioner were allowed to rely on tolling of the statute of limitations period during the pendency of his second round of state collateral proceedings, his § 2254 petition is still untimely.

Petitioner maintains that he raised ineffective assistance of appellate counsel in his state post conviction motion, and that Michigan Court Rule 6.428 allows the court to issue an order restarting the time clock. See Pet.'s Obj. at 2. Petitioner's argument lacks merit for several reasons. First, Rule 6.428 is applicable only in the instance that an attorney fails to perfect a timely appeal as of right in the Michigan Court of Appeals, as well as fails to provide effective assistance of counsel. See Mich. Ct. R. 6.428. This rule does not provide a vehicle to "restart[] the time in which to file an appeal of right" during state post conviction proceedings. Id. Thus, petitioner cannot rely on this rule to "restart[] the time in which to file an appeal of right." Id.

Additionally, the Sixth Circuit Court of Appeals has rejected an argument similar to that raised by petitioner in Allen v. Yukins, 366 F. 3d 396 (6th Cir. 2004). In Allen, the Sixth Circuit Court of Appeals affirmed the district court's conclusion that the petitioner's petition for a writ of habeas corpus was untimely under 28 U.S.C. § 2244(d). Id. at 406. Similar to the facts here, the Michigan Court of Appeals affirmed the Allen petitioner's conviction and sentence, and the petitioner failed to seek leave to appeal to the Michigan Supreme Court. Id. at 399. The petitioner in Allen argued that raising ineffective assistance of counsel during state post conviction proceedings should be considered as part of the state's direct review process. Id. at 401. The Allen court rejected this argument, holding: "[A] state petition for postconviction review claiming ineffective assistance of counsel tolls, but does not restart, AEDPA's one-year statute of limitations." Id. Petitioner's § 2255 petition was not filed until June 17, 2010, after the expiration of the limitations period. Thus, petitioner cannot rely on the ineffective assistance of counsel claim to restart the AEDPA clock, and the magistrate judge correctly concluded that his petition for a writ of habeas

corpus is untimely.

### C.  Objection II

The magistrate judge also found that petitioner is not entitled to equitable tolling, which requires petitioner to show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Petitioner has failed to establish any extraordinary circumstance which prevented him from timely filing his habeas corpus petition.  Petitioner's belief that Michigan Court Rule 6.428 restarted the AEDPA clock is not an extraordinary circumstance warranting equitable tolling.  See Allen, 366 F. 3d at 403 ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling."); see also, Lattimore v. DoBois, 311 F. 3d 46, 55 (1st Cir. 2002).  Therefore, petitioner is not entitled to equitable tolling and his objection is overruled.

### D.  Objection III

Lastly, the magistrate judge concluded that petitioner is not entitled to a certificate of appealability.  Before petitioner may appeal the court's decision denying his petition for a writ of habeas corpus, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3)(B); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F. 3d 1306, 1307 (6th Cir. 1997).  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's

claims, a certificate of appealability should issue if the petitioner shows, "[t]hat jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both prongs of this test must be satisfied. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further." *Id.* Petitioner is not entitled to a certificate of appealabiltiy and his objection is overruled.

### III.  CONCLUSION

For the reasons set forth above, Magistrate Judge Paul Komives' July 18, 2011 report and recommendation is ACCEPTED and ADOPTED as this court's conclusions of law.

Respondent's motion to dismiss is GRANTED.

Petitioner's petition for a writ of habeas corpus is DENIED and this cause of action is dismissed.

A certificate of appealability shall not issue.

Leave to proceed *in forma pauperis* on appeal is denied.  *See* Fed. R. App. P. 24(a)(3)(A).

SO ORDERED.

Dated:  August 15, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 15, 2011, by electronic and/or ordinary mail and also to Damon Stewart at Earnest C. Brooks Correctional Facility, 25000 S. Sheridan Drive, Muskegon Heights, MI 49444.

S/Josephine Chaffee
Deputy Clerk